# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JACKSON J. TENNANT,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-407**          (JCN: 2023011952)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jackson J. Tennant appeals the August 15, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc., ("ACNR") filed a response.[1] Mr. Tennant did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which rejected the claim and denied authorization for an orthopedic consultation and physical therapy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 8, 2022, while employed by ACNR, Mr. Tennant alleges that he suffered an injury to his right shoulder when he was dragging and throwing heavy hoses, and his shoulder was suddenly jerked.[2] Mr. Tennant reported the injury to his supervisor on the same day. On November 9, 2022, ACNR completed a Report of Injury Investigation, which found that Mr. Tennant suffered an injury to his right shoulder while carrying a hose with two other employees.

Mr. Tennant was seen by Joshua Sykes, M.D. on November 21, 2022, for right shoulder pain. Mr. Tennant did not report an occupational injury, he instead stated that he

---

[1] Mr. Tennant is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

[2] Prior to the alleged occupational injury, on June 27, 2019, Mr. Tennant underwent a right rotator cuff repair. On November 10, 2020, Mr. Tennant was seen by Dr. Sykes for a follow up after his surgery. Mr. Tennant reported that he continued to suffer from right shoulder pain and that physical therapy had not helped.

began experiencing pain after constant lifting. Dr. Sykes diagnosed Mr. Tennant with status post right rotator cuff repair, muscle spasms, and right shoulder pain. Dr. Sykes ordered physical therapy. Mr. Tennant submitted an FMLA application dated December 2, 2022. The application identified Mr. Tennant's condition as chronic right shoulder pain after right rotator cuff repair, which began on November 21, 2022.

On December 12, 2022, Mr. Tennant was seen at MedExpress. Mr. Tennant reported that his right shoulder was injured at work on November 8, 2022, while carrying and throwing a hose. The provider at MedExpress referred Mr. Tennant to an orthopedic surgeon and ordered physical therapy. On the same day, Mr. Tennant underwent an x-ray of his left shoulder, revealing no fracture or other acute abnormality. Mr. Tennant submitted an Employee's and Physician's Report of Occupational Injury dated December 12, 2022, in which he alleged that he suffered a right shoulder injury while dragging and throwing heavy hoses and his shoulder was jerked. The treatment provider diagnosed an unspecified injury of the right shoulder due to an occupational injury. An Employer's Report of Injury dated December 16, 2022, identified Mr. Tennant's injury as an overexertion injury to the right shoulder which resulted in a sprain/strain.

The claim administrator issued orders dated January 3, 2023, which rejected the claim due to the finding that Mr. Tennant did not sustain an injury in the course of and resulting from his employment and, further, denied authorization for an orthopedic consultation and physical therapy. Mr. Tennant protested these orders.

Mr. Tennant was deposed on February 16, 2023. He testified that prior to the November 8, 2022, injury, he had a history of right shoulder symptoms and treatment. Mr. Tennant testified that, after an injury occurring in 2019, he has had pain in his right shoulder. However, Mr. Tennant stated that he had returned to full duty at work for over a year with no symptoms or limitations. Further, Mr. Tennant stated that the pain following his 2022 injury was different in that it included sharp pains and a deep ache, and the pain was in a different location than his prior injury.

On August 15, 2023, the Board affirmed the claim administrator's orders. The Board found that Mr. Tennant failed to establish that he suffered a discrete new injury in the course of and resulting from his employment. Mr. Tennant now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Tennant argues that it is unrefuted that he was performing a work duty assigned to him at the time of his occupational injury and he developed symptoms immediately thereafter. Mr. Tennant further argues that Dr. Sykes' familiarity with Mr. Tennant's previous injury caused him to incorrectly associate the symptoms with an aggravation of his old injury rather than the new occupational injury. Mr. Tennant also argues that the Report of Occupational Injury form completed at MedExpress indicated that the treatment provider diagnosed a right shoulder sprain/strain as the result of an occupational injury. Finally, Mr. Tennant argues that the Board ignored Mr. Tennant's testimony that distinguished his new symptoms from his previous injury.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Supreme Court of Appeals of West Virginia has held that:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

Syl. Pt. 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016).

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022), holding:

3

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at 294, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board found that Mr. Tennant failed to establish that he suffered a discrete new injury in the course of and resulting from his employment. The Board analyzed the case under *Gill* and found that Mr. Tennant failed to establish that he suffered a discrete new injury rather than an aggravation of his prior 2019 injury. The Board analyzed the case under *Moore* and found that the presumption under Moore had been rebutted by Mr. Tenant's prior 2019 injury and his continued symptoms of pain since that injury.[3]

Upon review, we cannot conclude that the Board was clearly wrong in finding that Mr. Tennant failed to establish that he suffered a discrete new injury in the course of and resulting from his employment, based on the evidence of record. "[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 5, *W. Va. State Police v. Walker*, 246 W. Va. 77, 866 S.E.2d 142 (2021), citing Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders, which rejected the claim and denied authorization for an orthopedic consultation and physical therapy.

---

[3] Although we do not find a sufficient reason to reverse in the instant claim, we note that the Board's analysis is only marginally adequate. We would like to remind the Board that the application of *Gill* and *Moore* is the first step in analyzing a case such as this, rather than the only step that needs to be completed. We urge the Board to include a complete and thorough analysis of the facts of each case in its orders going forward.

Accordingly, we affirm the Board's August 15, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear